IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SYLVESTER J. HOFFART, and LOUISE T. HOFFART**,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**DWD CONTRACTORS, INC. and SCOTT WIGGINS and JOANNE WIGGINS as Representatives of the Estate of Hal. C. Wiggins, deceased,**<br><br>　　　　　Defendants. | Case No. 3:12-mc-00395-SI<br><br><br>**OPINION AND ORDER** |

Sylvester J. Hoffart and Louise T. Hoffart, 565 County Road 2089, Liberty, TX  77575, *pro se*.

Craig O. West, Attorney at Law, P.O. Box 327, 415 NE Evans, McMinnville, OR  97128. Attorney for Defendants.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

For the reasons set forth below, the Court VACATES its previously-entered Orders (Dkts. 7-10), GRANTS Defendants' motion and supplemental motion to stay and restrain collection efforts (Dkts. 15, 29), and DENIES Plaintiffs' motion for additional orders (Dkt. 31).

## BACKGROUND

On January 23, 2008, Sylvester J. Hoffart and Louise T. Hoffart filed a lawsuit against Hal C. Wiggins, Joanne Wiggins, DWD Contractors, Inc., and others in the United States District Court for the Eastern District of Texas. *Hoffart, et al. v. Wiggins*, *et al.*, Case No. 1:08-cv-00046-ZJH (E.D. Tex. Jan. 23, 2008), ECF No. 1 (the "Texas Case").[1] Before the Texas Case was resolved, Hal Wiggins passed away on January 13, 2011. *See* Wiggins Aff., Or. Dkt. 15-1.; Or. Dkt. 30-1, p.2. On March 22, 2011, the federal court in the Texas Case allowed the substitution for Hal Wiggins of Scott Wiggins and Joanne Wiggins, the son and widow of Hal Wiggins, respectively, as personal representatives of the Hal Wiggins estate. Tex. Dkt. 137.

On February 27, 2012, after a jury trial, judgment was entered in the Texas Case favor of Plaintiffs Sylvester and Louise Hoffart. Tex. Dkt. 223. According to that Judgment, Sylvester Hoffart is entitled to receive $5,000 from DWD Contractors, Inc., Louise Hoffart is entitled to receive $5,000 from DWD Contractors, Inc., and Louise Hoffart is entitled to receive $44,000 from Joanne and Scott Wiggins, as representatives of the estate of Hal Wiggins. *Id.* Sylvester Hoffart was not awarded anything against Joanne and Scott Wiggins, as representatives of the estate of Hal Wiggins. The Texas court also allowed the recovery costs and interest in amounts

---

[1] References to docket entries in the Texas Case are cited as "Tex. Dkt." References to docket entries in the instant case pending before the United States District for the District of Oregon are cited as "Or. Dkt."

PAGE 2 – OPINION AND ORDER

that are not relevant to the matter now pending before this Court. On September 17, 2012, the Texas court issued a writ of execution reflecting the judgment. Tex. Dkt. 254.

On November 19, 2012, Plaintiffs Sylvester J. Hoffart and Louise T. Hoffart ("Plaintiffs") filed this miscellaneous action in the United States District Court for the District of Oregon against DWD Contractors, Inc. and Joanne and Scott Wiggins, as representatives of the estate of Hal Wiggins. Seeking to enforce and collect on the Final Judgment in the Texas Case, Plaintiffs, acting *pro se*, filed in this court the Final Judgment from the Texas Case (Or. Dkt. 1), along with several motions (Or. Dkts. 2-5). After no Defendant in the Oregon action entered an appearance in opposition to Plaintiffs' motions, the Court granted Plaintiffs' motions and entered several Orders on March 25, 2013. *See* Or. Dkts. 7-10.

On April 30, 2013, Defendants, through counsel, first appeared in this matter and filed a motion to stay and restrain Plaintiffs' collection efforts against Joanne Wiggins. Or. Dkt. 15; *see also* Or. Dkt. 29 (Defendants' supplemental motion to restrain collection efforts). Plaintiffs have since filed a motion for the entry of additional orders. Or. Dkt. 31.

## STANDARDS

Federal Rule of Civil Procedure 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

A judgment from a federal court may be registered in another federal court; the outside judgment is to be enforced as though it originated from the registering federal court. *See* 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in

PAGE 3 – OPINION AND ORDER

any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."). Federal courts possess the inherent power to enforce their judgments; this power, however, is generally restricted to "supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

## DISCUSSION

Plaintiffs seek to enforce the Final Judgment entered in the Texas Case against certain assets located in Oregon owned solely by Joanne Wiggins. Plaintiffs contend, without evidentiary support, that these assets are property of the estate of Hal Wiggins. Joanne Wiggins and Hal Wiggins, however, owned much of their property as tenants by the entirety. Or. Dkt. 15-1. In her affidavit, Joanne Wiggins states, "During out marriage we owned a home, vehicles, bank accounts and other assets as Husband and Wife with the right of survivorship."[2] *Id.* During oral argument, Defendants' counsel represented that there was no probate of Hal Wiggins' estate because all property held by Hal Wiggins at the time of his death was jointly owned by Hal Wiggins and his wife and passed to Joanne Wiggins by operation of law. Plaintiffs do not dispute that there was no probate of Hal Wiggins' estate.

---

[2] In Oregon, a tenancy by the entirety is more aptly described as a "tenancy in common with an indestructible right of survivorship." *Brownley v. Lincoln Cnty.*, 218 Or. 7, 10, 343 P.2d 529, 531 (1959) (internal quotation marks and citation omitted). Although Joanne Wiggins describes her interest as resulting from shared ownership "with the right of survivorship," she appears to have held a tenancy by the entireties with her husband Hal Wiggins. *See* Or. Rev. Stat. § 93.180(1) ("A conveyance or devise of real property, or an interest in real property, that is made to two or more persons: . . . Creates a tenancy by the entirety if the conveyance or devise is to a husband and wife unless the conveyance or devise clearly and expressly declares otherwise.").

PAGE 4 – OPINION AND ORDER

In Oregon, although a debtor-spouse's interest in a tenancy by the entirety may be held by a judgment creditor, the interest will cease "to exist should the debtor spouse predecease the non-debtor spouse." *Hoyt v. Am. Traders, Inc.*, 301 Or. 599, 601 n.1, 725 P.2d 336, 338 n.1 (1986). Because Hal Wiggins died while Joanne Wiggins was still living, his interest in their jointly held property expired at the time of his death without passing through his estate. *See* PRINCIPLES OF OREGON REAL ESTATE LAW § 2.13 (Oregon State Bar 2003) ("On the death of one tenant by the entirety, the survivor does not 'inherit' an interest because the survivor already owns the entirety."). Because Hal Wiggins passed away on January 13, 2011, and the Final Judgment was not entered in the Texas Case until February 27, 2012, more than a year later, any property held by Hal and Joanne Wiggins jointly with right of survivorship would have passed solely to Joanne Wiggins well before the entry of any judgment against Joanne and Scott Wiggins, as representatives of the estate of Hal C. Wiggins. As such, Plaintiffs may not execute on property that passed to Joanne Wiggins at the time of Hal Wiggins' death by operation of Oregon law because the property is owned personally by Joanne Wiggins.

One final item of challenged property merits discussion. Before his death, Hal Wiggins owned an interest in Windsor-Heritage LLC, an entity that owns an apartment building. On December 9, 2010, approximately one month before his death, Hal Wiggins signed, and had notarized, an "Assignment of Membership Interest in Windsor-Heritage LLC." Or. Dkt. 25, p. 9 (Decl. of Scott Wiggins, Ex. 1). According to that "assignment," Hal Wiggins, for good consideration, assigned and transferred all of his right, title, and interest in Windsor-Heritage LLC to Joanne Wiggins, adding: "The effective date of this Assignment shall be the date of my death." *Id.* Plaintiffs argue that this "assignment" was in fact a "will" that needed to be probated. Plaintiffs also challenge the absence of will formalities and testamentary capacity. This Court

PAGE 5 – OPINION AND ORDER

does not express any opinion on the merits of Plaintiffs' challenges to this assignment. Instead, this Court only rules that this is not the correct court and a miscellaneous action to execute on a Final Judgment entered by another court is not the correct procedural vehicle for Plaintiffs to challenge this assignment or the failure to probate the estate of Hal Wiggins.

## CONCLUSION

The Court VACATES its previously-entered Orders (Dkts. 7-10), GRANTS Defendants' motion and supplemental motion to stay and restrain collection efforts (Dkts. 15, 29), and DENIES Plaintiffs' motion for additional orders (Dkt. 31). Because this action was filed as a miscellaneous case, no Judgment shall be entered, and this Order shall be the final Order of the Court in this matter.

**IT IS SO ORDERED**.

DATED this 10th day of July, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge